NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  FREELANCER LIMITED,**
*Petitioner*

---

2021-151

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00738-ADA, Judge Alan D. Albright.

---

## ON PETITION AND MOTION

---

Before TARANTO, HUGHES, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

## O R D E R

Freelancer Limited petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to stay all further proceedings in this case pending resolution of Freelancer's motion to dismiss.  Freelancer also moves, pursuant to Federal Circuit Rule 8(b), for a stay pending its petition.

In August 2020, GreatGigz Solutions, LLC filed a complaint in the Western District of Texas, alleging that Freelancer infringes two patents.  Freelancer moved to dismiss GreatGigz's complaint for failure to state a claim upon

which relief could be granted by the court. In response, GreatGigz filed an amended complaint on November 23, 2020. On January 21, 2021, Freelancer moved to dismiss the amended complaint on the same ground. GreatGigz filed an opposition to the motion on February 18, 2021. Freelancer filed a reply on March 4, 2021. The motion to dismiss remains pending before the district court.

While the motion to dismiss was being briefed, the district court approved the parties' agreed scheduling order that set forth dates for, inter alia, claim construction briefing, a Markman hearing, and discovery. On March 26, 2021, Freelancer moved to stay proceedings pending the district court's resolution of Freelancer's motion to dismiss the complaint. That stay motion was fully briefed on April 21, 2021. The district court has also not taken any action on that motion. On May 27, 2021, GreatGigz filed its opening claim construction brief. One week before its response brief was due, Freelancer filed this petition and motion seeking to stay all pending deadlines.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-established standard for obtaining such relief, the petitioner must: (1) show that it has a clear and indisputable legal right; (2) show that it does not have any other avenue to obtain relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). Freelancer has not met that exacting standard.

Freelancer has identified no authority establishing a clear legal right to a stay of all proceedings premised solely on the filing of a motion to dismiss the complaint. Nor are we prepared to say, at this juncture, that any delay in failing to resolve either of Freelancer's pending motions to dismiss and stay proceedings is so unreasonable or egregious as to warrant mandamus relief. We note that significant

additional delay may alter our assessment of the mandamus factors in the future.  We expect, however, that the district court will soon address the pending motion to dismiss or alternatively grant a stay.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied.

(2)  The motion to stay is denied as moot.

FOR THE COURT

June 16, 2021          /s/ Peter R. Marksteiner
   Date                Peter R. Marksteiner
                       Clerk of Court

s31